# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY CLINT WALKER, II, | : | CIVIL NO. 3:12-CV-2162 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | |
| COMMONWEALTH OF PA, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Rodney Clint Walker, II ("Plaintiff" or "Walker"), an inmate presently confined at the York County Prison in York, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He has requested leave to proceed in forma pauperis in this action, and therefore, the Complaint currently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth herein, Walker's request for in forma pauperis status will be granted, the Complaint will be dismissed for failure to state a claim under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), but Walker will be granted leave to file an amended complaint within twenty-one (21) days.

I. **Allegations of the Complaint**

In his Complaint, filed on October 31, 2012, Walker names as Defendants the Commonwealth of Pennsylvania, "PAPSP", which the Court presumes to be the Pennsylvania State Police, and the District Attorney of York County. (Doc. 1 at 1, 2 § III.) In the Statement of Claim section of his Complaint, Walker alleges that, on December 22, 2010, he was arrested by Trooper Albert Miles of the Pennsylvania State Police. (Id. at 2 § IV ¶ 1.) He alleges that the

District Attorney of York County "represented the case to the Commonwealth" under Docket No. CP-67-CR-0001416-2011 in the York County Court of Common Pleas. (Id. ¶ 2.) He then writes, "Commonwealth of PA for being held 83 days in the Prison of York County." (Id. ¶ 3.)

In his Request for Relief, Walker states that his wife and children endured financial hardships during the 83 days that he was incarcerated, including that his home was broken into and he lost valuables that cannot be replaced. (Id. at 3 § V ¶ 1.) He states that, after 83 days of confinement, his bail was dropped from $50,000 to $5,000, he posted the bond, and "at the hearing the Judge concluded that my right had been violated by State and local officials under color of state law." (Id. ¶ 2.) Walker then requests $115,000 for his loss of freedom for 83 days, $60,000 for family distress and emotional devastation, $35,000 for loss of valuable items, and $350.00 for court fees. (Id. ¶ 3.)

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. Discussion

To state a § 1983 claim, a plaintiff must demonstrate that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

In his Complaint, Walker neither names a proper Defendant nor alleges the violation of a constitutional right. Walker names the Commonwealth of Pennsylvania, the Pennsylvania State Police, and the District Attorney of York County as Defendants. With respect to the first two

Defendants, it is well-settled that neither a state nor its agencies are considered a "person" under § 1983, and therefore, are not subject to § 1983 liability. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Therefore, Walker may not proceed with civil rights claims against the Commonwealth and the Pennsylvania State Police. With respect to the District Attorney of York County, a prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," to include "initiating a prosecution and . . . presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137 (quoting Imbler, 424 U.S. at 431-32 n.34)). See also Smith v. Holtz, 210 F.3d 186, 199 n. 18 (3d Cir. 2000) (finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity). Consequently, Walker may not proceed with his claims against the District Attorney of York County because the District Attorney is protected by prosecutorial immunity.

Moreover, Walker fails to allege a violation of a constitutional right. He merely alleges that he was arrested, charges were filed against him, and he seeks compensation for his loss of freedom and for property loss that occurred while he was incarcerated. He alleges that the judge who lowered his bail "concluded that [his] right had been violated by state and local officials under color of state law." However, he does not specify how his rights allegedly were violated. This vague allegation is insufficient to state a plausible claim upon which relief may be granted, and thus

we must dismiss the Complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Nevertheless, it is possible that Walker may be able to cure the deficiencies in his Complaint, and therefore, our dismissal will be without prejudice to his ability to file an amended complaint within twenty-one (21) days.

If Walker decides to file an amended complaint, he is advised that any amended complaint he files should contain the same docket number as the instant action and should be labeled "Amended Complaint."

In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Walker is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1. As a result, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

Walker also is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and he should specify what each Defendant did that led to a deprivation of his constitutional or other federal rights. See Iqbal, supra, 556 U.S. at 677. He also shall specify the relief he seeks with regard to each claim. Walker's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

## IV. Conclusion

Based upon the foregoing, Walker's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without prejudice to his ability to file an amended complaint as directed herein within twenty-one (21) days. An appropriate Order follows.

Robert D. Mariani
United States District Judge